JAMES W. CLEAVER v. THE TRADERS' INSURANCE COMPANY.[1]

*Fire insurance — Additional insurance — Forfeiture — Waiver — Authority of agent—Duty of policy-holder.*

1. A fire insurance policy provided that additional insurance, taken without the *written* consent of the company thereon indorsed, should render the policy void, and that its agents had no power to modify or waive such condition, or revive a lapsed policy.  A policy-holder, with the consent of one of the company's agents, placed additional insurance on the insured property, said agent assisting in filling out the new application, of which fact the company had no notice, nor in any way assented to such additional insurance.

    *Held,* that the insured must be presumed to have had knowledge of the restrictions placed upon the agent by the terms of the policy, and the want of authority expressly appearing in its conditions was a sufficient notice to him that the agent could not bind the company by a parol acquiescence in the taking of additional insurance.

2. The failure of the holder of a fire insurance policy to read its printed conditions, and his reliance upon the *implied* or *assumed* powers of the agent, cannot avail him where such agent exceeds his authority, it being the duty of the insured to *know* what his contract of insurance is, and, in the absence of any fraud in the making of the same, he must be held to a knowledge of its conditions, as he would be in the case of any other contract or agreement.

Error to Tuscola.    (Beach, J.)    Argued February 15, 1887.  Decided April 21, 1887.

[1] See 39 N. W. Rep. 571, for a reversal of a judgment rendered for defendant.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Norris & Uhl,* for appellant.

*T. W. Atwood,* for plaintiff.

MORSE, J. The plaintiff brought suit to recover the amount of a policy of insurance issued by the defendant. The policy was issued on the ninth day of February, 1884, and expired February 9, 1885. The property covered by the policy was destroyed by fire, December 27, 1884. Proofs of loss were furnished, about which no question is made.

November 14, 1884, additional insurance was placed on the property covered by defendant's policy, in the sum of $2,000, in the Michigan Millers' Mutual Fire Insurance Company of Lansing, Michigan. The policy in suit provides that, if the insured shall procure any other or further insurance upon the property insured, without the consent of the company written upon the policy, the policy shall become void. The consent of the company to the taking of the additional insurance in the Lansing company was not indorsed upon the policy.

Upon the trial in the circuit court for the county of Tuscola, the circuit judge directed a verdict for the plaintiff in the sum of $2,797.16. This direction is assigned as error.

After the argument of counsel in the court below, it is stated in the bill of exceptions that—

"The counsel for defendant consented, for the purpose of raising said questions as to the validity of such clauses, that plaintiff's (Cleaver's) testimony be regarded as correct."

The clauses referred to were the one already noticed, as to the taking of additional insurance, and the following:

"It is further understood, and made part of this contract, that the agent of this company has no authority to waive, modify, or strike from the policy any of its printed conditions; * * * nor, in case this policy shall become void by reason

of the violation of any of the conditions thereof, has ·the agent power to revive the same. * * * And it is hereby mutually understood and agreed, by and between this company and the assured, that this policy is made and accepted upon and with reference to the foregoing terms and conditions, all of which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for in writing."

The plaintiff claims that because of the action of defendant's agent, Mr. Quinn, with reference to his procuring the additional insurance, the defendant is estopped from setting up the defense of additional insurance in this case.

The substance of the plaintiff's testimony in regard to Quinn's action in the premises is this: When an application was sent by the Lansing company to him to be filled out, he took it to Quinn, and told him that he was calculating to take out $2,000 insurance in that company, and asked him if it would be all right with Quinn's company, and Quinn said it would, the property being amply worth the amount of both insurances; and thereupon Quinn helped him fill out the application, and Cleaver sent it on to Lansing. Quinn also looked at his books, and said the insurance was not yet out in his company, and asked Cleaver if he calculated to drop it; and Cleaver answered, "No," and told him that he would make arrangements to have another policy issued when that expired. Quinn also asked him why, if he was going to take more insurance, he did not take it in the defendant company, and Cleaver replied that he could get it for a less per cent. in the Lansing company. After plaintiff received his policy in the Lansing company, he informed Quinn that he had procured the same. Quinn replied, "All right," and passed on, without any further conversation.

Cleaver also states that he obtained the additional insurance, relying upon the statement of Quinn that it would make no difference with his insurance in the defendant

company. It also appeared that Quinn was an attorney at law, and before this had done some legal business for Cleaver. Plaintiff, however, denies that, in this instance, he went to Quinn as a lawyer to get advice and assistance in filling out the application. He testifies he called upon him to talk with him about the getting of additional insurance, and because he did not wish to put such additional insurance upon the property unless it would be satisfactory to the defendant company.

The counsel for defendant contend that this case is not governed by *Westchester Fire Ins. Co. v. Earle*, 33 Mich. 143, because of the clause in the policy providing that the agent of the company "has no authority to waive, modify, or strike from the policy any of its printed conditions." It is insisted that, if the conduct of Quinn is held to operate as a waiver, a new contract is constructed for the parties by judicial creation, in direct antagonism to the express agreement of the insured and insurer in the policy of insurance upon which plaintiff is seeking to recover.

In *Westchester Fire Ins. Co. v. Earle* it is stated, in the opinion of Mr. Justice CAMPBELL, at page 153, that "the powers of Atwater [the agent] in the present case do not appear to be restricted in any way;" and in none of the other cases decided in this Court, and relied upon by plaintiff's counsel, can I find any mention of any clause in the policies prohibiting the agent from waiving this condition as to additional insurance. See *Pennsylvania Fire Ins. Co. v. Kittle*, 39 Mich. 51; *Kitchen v. Hartford Fire Ins. Co.*, 57 Id. 135; *Carpenter v. Continental Ins. Co.*, 61 Id. 635.

It has been held by this Court (*New York Cent. Ins. Co. v. Watson*, 23 Mich. 486) that additional insurance, obtained without the written consent stipulated in the policy, rendered such policy absolutely void upon the procuring of such additional insurance; and that the first policy could not be revived by anything short of a new contract, or such conduct

as, by misleading the insured to his prejudice, would operate as an estoppel.

It is claimed here that the action of the agent was the action of the company, and that such action created an estoppel. But it is not shown that the agent had any authority to indorse upon the policy the written consent to additional insurance, or to waive in any way the provisions of the policy. On the contrary, the policy delivered to the insured expressly states that such agent—

"Has no authority to *waive, modify,* or strike from the policy any of its printed conditions ;   *   *   *   nor, in case this policy shall become void by reason of the violation of any of the conditions thereof, has the agent power to revive the same."

And it also appears by the testimony of the agent, Mr. Quinn, who was sworn as a witness on behalf of plaintiff, that he had no authority to consent to additional insurance, but, when application was made for such consent, it was his duty to notify the company, which he did not do in this case.

It is not shown that the company had any notice of the action of the agent in filling out the application for additional insurance, or his remark to Cleaver that such insurance would be all right, and make no difference with the insurance in defendant company. Nor is it claimed that the defendant received any premium for insurance after the obtaining by plaintiff of the additional insurance, or did any act recognizing the existence or validity of the contract either before or after the fire. The case is not, therefore, ruled by *Carpenter v. Continental Ins. Co.,* 61 Mich. 635, and cases there cited.

It cannot be said, as in the case of *Kitchen v. Hartford Fire Ins. Co.,* 57 Mich. 135, that the insured relied upon the statements of the agent as authorizing him to procure the additional insurance. In that case Kitchen had a right to rely upon the representations of the agent, as there was "no

evidence that any restriction upon his authority as agent was brought to the knowledge of plaintiff, or others dealing with him." But in the case at bar the plaintiff must be presumed to have had knowledge of the restrictions placed upon the agent by the terms of the policy he received, and the want of authority expressly appearing in its conditions was sufficient notice to him that he could not bind the company by a parol acquiescence in the taking of additional insurance.

If the agent, under the circumstances of this case, by filling out the application for the Lansing insurance, and saying it was all right, can estop the defendant company from raising and enforcing this defense, then the clauses prohibiting the agent from waiving the conditions of the policy, or from reviving it after it has become null and void, are rendered entirely useless and nugatory.

It cannot be successfully maintained but that the company has the right and the power to restrict, as it may choose, the powers and duties of its agents, and, when the authority is expressly limited and restricted by the policy which the insured receives, there can be no good reason, either in law or equity, why such limitations and restrictions shall not be considered as known to the insured, and binding upon him.

This is not a case where the insured had a right to rely upon the action of the agent, or to presume that his action was known to the company, and ratified by them, as in *Security Ins. Co. v. Fay*, 22 Mich. 467. The policy received by Cleaver distinctly pointed out the way to procure additional insurance without voiding the first insurance, and expressly prohibited the agent from waiving, altering, or modifying the process of obtaining further insurance.

The fact that the plaintiff may not have read the printed conditions of his policy, and relied, in ignorance of them, upon the implied or assumed powers of the agent, cannot help him. It was his business to know what his contract of insurance was, and there can be no difference in this respect

between an insurance policy and any other contract. In the absence of any fraud in the making of the same, and none is claimed in this case, the insured must be held to a knowledge of the conditions of his policy, as he would be in the case of any other contract or agreement. When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy, or to dispense with the performance of any essential requisite contained therein, either by parol or writing; and the holder of the policy is estopped, by accepting the policy, from setting up or relying upon powers in the agent in opposition to limitations and restrictions in the policy. *Merserau v. Phœnix Mut. Life Ins. Co.,* 66 N. Y. 274; *Catoir v. American Life Ins. & Trust Co.,* 33 N. J. L. 487.

The circuit judge, as the case stood in the court below, should have directed a verdict in favor of the defendant.

The judgment of the lower court is therefore reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.