## M'CURDY *v.* DANIELL.

ARBITRATION AND AWARD—FRAUD—ESTOPPEL.

> Where, through the fraud of defendant's agent, a provision in an arbitration agreement for an award by two of three arbitrators was not stricken out before it was executed, the fact that complainants retained one of the original agreements, and might have discovered the error, did not estop them from having an award made by two of the arbitrators set aside in a court of equity.

Appeal from Houghton; Streeter, J. Submitted October 23, 1903. (Docket No. 72.) Decided November 9, 1903.

Bill by William M'Curdy and Alexander M'Curdy, copartners as M'Curdy Brothers, against Susan Daniell, to set aside an award of arbitrators. From a decree dismissing the bill, complainants appeal. Reversed.

The parties to this suit, having certain differences, agreed to submit them to arbitration. A contract was drawn providing for three arbitrators, one to be chosen by each party to the controversy, and the two to choose a third. The award of any two was to be binding. Complainants objected to an award by two of the arbitrators, and insisted upon an award to be signed by the three. It is claimed by the complainants that this was agreed to, and that the provision for an award by any two of them was to be stricken from the agreement, and the contract left to provide for an award by the three. It is charged in the bill that the agent of the defendant erased this provision in two places in the contract, but not in a third one, and that all signed the contract with the understanding that this provision was stricken from it, and that the contract required a unanimous finding by the arbitrators. The

award was signed by only two of them. This bill is filed to set aside this award because it is not in accord with the provisions of the contract. The circuit judge entered a decree dismissing the bill on the ground that the contract was signed in triplicate, was acknowledged by the parties, and a copy kept by the complainants until after the award was made, and that the mistake was entirely the mistake of the complainants, from the consequences of which the court cannot relieve them.

*Joseph F. Hambitzer*, for complainants.

*Kerr & Petermann*, for defendant.

GRANT, J. (*after stating the facts*). There is no real dispute as to the facts. The evidence is overwhelming that it was agreed to strike out this provision of the contract, and that the complainants signed it with the understanding and belief that the defendant's agent, who did the business for her, had erased it. He did in fact erase it in two places, but left it unerased in one. While it is true that the articles of submission were executed in triplicate, and that the complainants retained one, it is manifest that they rested upon the supposition that all the erasures had been made, and that the articles required a unanimous award.

We do not think the complainants are estopped to set up this claim by the fact that they retained one of the originals, and might have discovered the error. It was not entirely the mistake of the complainants. Defendant's agent, who made the contract for her, was trusted to make the necessary erasures. His failure to do so was a fraud upon the complainants. It is immaterial whether he (the agent) so intended or not. He knew that the provision for an award by two was to be stricken out. He agreed and undertook to strike it out. He failed for some reason to do it. The contract under which the arbitrators acted was not the contract agreed upon. We think the complainants are entitled to the relief prayed for.

Decree is reversed, and decree entered in this court for the complainants, with the costs of both courts.

The other Justices concurred.