### CITY OF DETROIT v. A. W. KUTSCHE & CO.

1. ARBITRATION AND AWARD—CONTRACTS—STATUTES.
   While the general policy of this State is favorable to arbitration of matters arising out of disputes under contracts and courts will encourage parties to arbitrate, if they desire to do so, their contract must comply with the terms of the statutes or the parties may have to resort to courts to settle their disputes (3 Comp. Laws 1929, § 15394, as amended by Act No. 182, Pub. Acts 1941).

2. SAME—CONSTRUCTION CONTRACTS—WITNESSES—PREVENTION OF DELAYS.
   The purpose of requiring that claims under construction contracts be timely presented for arbitration thereunder is to permit the engineer and others to see the status of the construction still in progress, to permit use of available witnesses while they had a better recollection of matters which may be in dispute, and to prevent harassments, delays and losses likely to arise from differences during progress of work.

3. CONTRACTS—CONSTRUCTION.
   All clauses of a contract must be given an effective and reasonable meaning if fairly possible.

4. ARBITRATION AND AWARD—CONSTRUCTION CONTRACTS—DELAY IN DEMANDING ARBITRATION.
   The delay in making a demand for arbitration under a contract for construction of a sludge digestion tank, elutriation tanks

---

Arbitration clauses in contracts, see 2 Restatement, Contracts, §§ 550, 551.

and gas holder for a sewage treatment plant until after the work was completed was an unreasonable delay in making a demand which was intended and required to be made during the progress of the work.

5. Same—Construction Contracts—Continuance of Privilege of Special Arbitration.

· Claim that plaintiff city had agreed to continue the privilege of special arbitration under contract for construction of certain portions of a sewage treatment plant after contract was almost entirely completed *held*, not sustained by record in suit to enjoin defendant contractor from presenting its claims before an arbitration board.

6. Same—Construction Contracts—Construction of Arbitration Contract.

A contract for arbitration of claims under a construction contract is to be construed as one instrument notwithstanding different provisions thereof were evidently aimed at different types of claims.

7. Same—Breach of Contract.

A party to an agreement to arbitrate claims under a construction contract who has breached such arbitration agreement cannot be permitted to have arbitration thereafter over the objection of the other party to the contract.

8. Same—Construction Contract—Presentation of Claims for Extras—Breach of Arbitration Agreement—Delay.

Where defendant contractor failed to present its claims for extras under construction contract during the progress of the work and thereby deprived the plaintiff city of its opportunity to demand arbitration thereof at the time and under circumstances that would make it most desirable, efficient and accurate and also failed to make timely demand for arbitration itself of claims that the contract contemplated should be arbitrated as the work progressed, defendant breached agreement as to arbitration and justified city's refusal to arbitrate such matters after contract was completed.

9. Equity — Unclean Hands — Injunction — Arbitration — . Disallowance of Claims Against City.

Disallowance of claims for extras under contract for construction of portions of a sewage treatment plant which the city officials considered without merit does not merit aspersion in suit to enjoin arbitration of such claims that city, as plaintiff, was in a court of equity with unclean hands.

10. ARBITRATION AND AWARD—CONTRACTS—SETTING ASIDE AWARD.

 A court of equity may set aside an award of arbitrators not made under the contract to arbitrate.

11. ACTION — CONDITION PRECEDENT — ARBITRATION AND AWARD — WAIVER.

 Although arbitration is prescribed as a condition precedent to bringing an action under a construction contract where contractor was not entitled to arbitration because of failure to comply with terms of agreement with respect thereto by making timely presentation of claims and city has asserted the right of revocation thereof, the condition precedent is considered as having been waived or abrogated.

12. SAME — CONDITION PRECEDENT — ARBITRATION — INJUNCTION — PREJUDICE.

 Where arbitration as a condition precedent to action for claims under construction contract is deemed to have been waived or abrogated in suit to enjoin submission of claims to arbitration, decree for plaintiff city is affirmed without prejudice to defendant contractor's right to sue on its claim.

Appeal from Wayne; Webster (Arthur), J. Submitted June 14, 1944. (Docket No. 16, Calendar No. 42,720.) Decided October 11, 1944. Rehearing denied December 1, 1944.

Bill by City of Detroit against A. W. Kutsche & Company, a Michigan corporation, and others to restrain arbitration of disputes under construction contract. Decree for plaintiff. Defendant A. W. Kutsche & Company appeals. Affirmed without prejudice to action at law.

*Paul E. Krause, Clarence E. Page* and *Walter E. Vashak,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant A. W. Kutsche & Company.

REID, J. The bill was filed for an injunction restraining defendant A. W. Kutsche & Company

from presenting before an arbitration board its claim against the city arising out of a contract for construction of a sludge digestion tank, elutriation tanks and gas holder for a sewage treatment plant, and to restrain three defendants, members of a board of arbitration, from proceeding to arbitrate the claim of A. W. Kutsche & Company, hereinafter referred to as the defendant. The members of the board make no defense.

The contract provided for arbitration of claims and disputes arising under it, but plaintiff claims that the provisions therefor were revocable unilaterally, that defendant lost the right and plaintiff lost the benefits of arbitration by defendant's failure to give timely notice of the various items of its claims from time to time as they arose, thus preventing plaintiff from demanding arbitrations as the work progressed, and that defendant failed to make timely demand for general arbitration.

Defendant denies these statements and theories and claims that plaintiff does not come into the equity court with clean hands and that plaintiff has an adequate remedy at law. The parties agree that the provisions for arbitration in question do not come under or within the Michigan arbitration statute. The general policy of this State is favorable to arbitration, as shown by 3 Comp. Laws 1929, § 15394, as amended by Act No. 182, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 15394; Stat. Ann. 1943 Rev. § 27.2483), enacted after this controversy arose. See, also, *Alpena Lumber Co.* v. *Fletcher*, 48 Mich. 555, 569. If parties desire arbitration, courts should encourage them, but the nature of such a contract requires faithful compliance with its terms, otherwise the parties will find themselves in the forum they sought to avoid.

The contract provides, among other things:

"19. Arbitration.

"The contract contains a provision for arbitration as to any matter of dispute involving time or financial considerations and said arbitration shall be a condition precedent to any right of legal action under the contract.   *   *   *

"20. Claims for extra cost.

"If the contractor claims that any instructions by drawings or otherwise involve extra cost under this contract, he shall give the commissioner written notice thereof within 48 hours after the receipt of such instructions and in any event before proceeding to execute the work, except in emergency endangering life or property, and the procedure shall be as provided for changes in the work. No such claim shall be valid unless so made.   *   *   *

"27. Damages.

"Any claim for damage arising under this contract shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration.   *   *   *

"34. Engineer's decisions.

"The engineer shall, within a reasonable time after their presentation to him, make decisions in writing on all claims of the city or the contractor and on all other matters relating to the execution and progress of the work, or the interpretation of the contract documents.

"All such decisions of the engineer shall be final except in cases where time or financial considerations are involved, which, if no agreement in regard thereto is reached, shall be subject to arbitration.   *   *   *

"39. Arbitration.

"Any decision of the commissioner where time or financial considerations are involved shall be sub-

mitted to arbitration upon the demand of either party to the dispute.

"The contractor shall not cause a delay of the work during any arbitration proceedings, except by agreement with the commissioner.

"The demand for arbitration shall be filed in writing with the commissioner, in the case of an appeal from his decision, within ten days of its receipt and in any other case within a reasonable time after cause thereof and in no case later than the time of final payment, except as otherwise expressly stipulated in the contract. If the commissioner fails to make a decision within a reasonable time, an appeal to arbitration may be taken as if his decision has been rendered against the party appealing."

The benefit that plaintiff would derive from timely notice of a claim is that while the controversy was fresh, the engineer and others could see the status of the construction still in progress, and witnesses would still be available and would possess a better recollection of the matters. In consequence, the plaintiff could seasonably demand arbitration and better present its case. Demand for arbitration could not be made until the claim was presented. Defendant appropriately cites from *McCullough* v. *Clinch-Mitchell Construction Co.* (C. C. A.), 71 Fed. (2d) 17:

"It is common knowledge that arbitration provisions of this character are almost universal in construction contracts to prevent the harassments, delays, and losses likely to result to some or all of the parties thereto arising from differences occurring during the progress of the work. All construction contracts involve matters as to character of materials, of work, and of methods of doing the work. Determination of such is necessarily a matter of judgment and often the diverse interests of

the parties cause difference of opinion with resulting disputes concerning them. It is to the interest of all parties that these disputes be promptly determined and by some one having special knowledge of such matters and who can act upon personal knowledge of the controlling facts."

Plaintiff justly complains of the loss of such benefits through defendant's delay.

The contract was entered into February 23, 1938. The work was to be completed December 31, 1938, the price $261,963.04, all of which was paid except $13,245.75 withheld until final estimate. The work was substantially or 97 per cent. completed on March 1, 1939. Some items of construction claimed as uncompleted were pointed out by plaintiff in July, 1939. Nearly all items of plaintiff's claim occurred before March 27, 1939. All were for matters occurring during the construction. Many of the items were without the 48-hours' notice required in article 20 and many without any notice whatever. Correspondence over contract matters took place. On September 19, 1938, plaintiff wrote defendant:

"Should you still feel you have a claim against us in this, the procedure for arbitration is well outlined in the contract documents. * * * We again want to emphasize the importance of proceeding without delay in accordance with the instructions given you in Mr. Johnson's letter of September 16th and again point out to you that you have the privilege to arbitrate any decision or instruction involving financial considerations, in your opinion, in accordance with article 39 * * * We wish also to point out that *any delay* to the work regarding the matters outlined above caused *by you violates article 39 referred to above.*" (Italics supplied.)

To which defendant replied, September 21, 1938:

"We can see no reason why you should refuse to pay for such charges, nor do we see any reason for leaving matters of this nature for arbitration. However, if you insist on taking advantage of the arbitration clause in our contract, please accept this letter as notice that we shall present a claim for extra cost as called for on page 33, paragraph 20."

This was about midway in point of time from inception to conclusion of construction. In response to requests in July, 1939, for payment, the city was furnished a detailed statement of items of defendant's claim, April 10, 1940, and additional data, May 1, 1940.

During the construction the commissioner did not receive any notice under article 20 of the contract.

Article 20 requires the contractor to give the commissioner written notice that instructions will involve extra cost within 48 hours after receipt of the instructions, otherwise the claim for such extra cost is invalid. Defendant's claim is largely composed of such items. It must surely be a greater burden thrown on plaintiff's shoulders to prove want of such 48-hours' notice after two or three years than promptly to prove that fact before arbitrators during progress of the work.

There would be no point in prescribing in the contract limited periods within which demand for arbitration during the construction must be made, if a demand could be made for a general arbitration to include the same matters after the work was finished.

The words in article 39, "shall not cause a delay of the work during any arbitration proceedings,"

indicate that special arbitrations were contemplated to take place while the work was going on.

Articles 19, 27 and 34 indicate a general arbitration. In article 39 special arbitrations are provided for, which are to be considered as the only kind of arbitration contemplated for the subjects there specified.

Defendant in a very skillful presentation of its case gives in great detail the history of the doctrine of revocability of arbitration contracts. As to the nature of the items in dispute, defendant's brief sets forth:

"The disputes to be arbitrated arise partly out of delays for which plaintiff is claimed to be responsible and partly out of plaintiff's insistence upon erroneous or unreasonable interpretations of the specifications  *  *  *  (which) increased the contractor's costs by requiring impractical procedures and extra labor."

Defendant claims the arbitration in this case falls within the second exception announced in *Sieweck* v. *F. Joseph Lamb Co.,* 257 Mich. 670, 676:

"There being no provision for statutory arbitration, defendant has failed to sustain the burden of showing that the agreement came within one of the exceptions to the general rule that an arbitration agreement is not a bar to action. These exceptions are:

"(a) Where the contract makes arbitration a condition precedent, express or implied, to bringing suit.

"(b) Where the contract is one for construction, paving, or installation."

Defendant's own version as to the nature of the disputes in the instant case that are the foundation of its claim is that they "arise out of the execution of the work." Such claim is subject to special

arbitrations as to its various items and not general arbitration.

The time within which arbitration must be demanded for such disputes is expressly limited in the articles herein quoted. The trial judge held the arbitration general and revocable unilaterally.

The construction of article 39 is of controlling importance. Under article 39 either party could appeal to an arbitration board from any decision of the commissioner on any claim by filing with the commissioner a written demand for arbitration within 10 days of receipt of a written decision. If the commissioner did not make a decision within a reasonable time, appeal could be taken by either party the same as though a decision had been rendered against such appellant. If any claim in any other case arose, the demand for arbitration could be made within a reasonable time after cause thereof.

In no case could demand for arbitration be made "later than the time of final payment." These words cover no claim involved in this suit but if given a forced meaning might have the effect of wiping out all preceding limitations on the time for demanding arbitration and practically strike out the words, "within 10 days of its receipt" and "within a reasonable time after cause thereof," just preceding in article 39 if made to apply to the matters covered in the preceding part of the same paragraph.

The rules of construction require that all clauses of the contract be given an effective and reasonable meaning if fairly possible. Therefore whatever effect is to be given to the words, "and in no case later than the time of final payment," these words do not cancel the 10-day limitation or the limitation to a reasonable time within which arbitration

could be demanded. The delay in making the demand until after the work was completed was an unreasonable delay in making a demand which was intended and required to be made during the progress of the work.

The construction was finished before September, 1939. In the midst of the work in September, 1938, plaintiff offered permission to defendant to bring on arbitration, which defendant was otherwise too late to demand as to defendant's then already discussed claims. Defendant declined to institute arbitration proceedings. Plaintiff withdrew its offer long before demand for arbitration was made by defendant in 1940. In its letter in 1938, claimed as a waiver and hereinbefore quoted, plaintiff insisted that there be no delay in respect thereto. Defendant claimed before the trial judge that plaintiff agreed to continue the privilege of special arbitration but the record fails to show such agreement. Arbitration is not defendant's peculiar privilege. Plaintiff is at least equally interested.

The record on this appeal clearly shows that the defendant herein has repeatedly breached the terms of the contract for arbitration. We think the contract for arbitration, notwithstanding it contains provisions evidently aimed at different types of claims, should be construed as one instrument. Since the defendant has breached the contract he cannot be permitted thereafter to have arbitration over the objection of the other party to the contract. To hold otherwise would be to enable the contractor in effect to obtain specific performance of the very contract he had breached. It follows that the defendant herein is not entitled to arbitrate. The foregoing ground of decision in the instant case is applicable rather than the claim of plaintiff that the contract for arbitration is revocable unilaterally.

Defendant neglected to give proper notice of its various items during the progress of the work and thus deprived plaintiff of its opportunity to demand arbitration at the time and under the circumstances that would make it most desirable, efficient and accurate. Defendant has not made demand for arbitration within any of the various periods specified in article 39 for making demand, as to any item of its claim under any proper construction of the article, and now has no right to demand it. By defendant's own statement, its claims are such as the contract contemplated should be arbitrated as the work progressed.

Plaintiff had a right to file this bill on the showing made and its avoidance of the arbitration clauses is justified by defendant's conduct, otherwise revocation would be inequitable. Plaintiff has not merited the aspersion that it comes into a court of equity with unclean hands. So far as this record shows the city officials have simply performed their duty honestly in investigating and disallowing a claim they consider without merit. A court of equity may set aside an award not made under the contract. *M'Curdy* v. *Daniell,* 135 Mich. 55.

The defendant arbitrators have no authority to make an award under or outside of the contract. The question whether defendant's claim can appropriately and lawfully be submitted to a board of arbitration is properly brought before the equity court on this bill of complaint. Defendant has no right to resort to arbitration and plaintiff declines arbitration.

While the contract prescribed arbitration as a condition precedent to bringing suit, plaintiff, having asserted the right of revocation, is relegated to the position of having revoked the contract as to

arbitration, and the condition precedent is considered by us as having been waived or abrogated.

The decree appealed from is affirmed, without prejudice to defendant's right to sue on its claim, and with costs to plaintiff.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, SHARPE, and BOYLES, JJ., concurred.