McHUGH. *v.* MANHATTAN FIRE & MARINE
INSURANCE COMPANY.

1. EVIDENCE—JUDICIAL NOTICE—IDENTITY OF INSURED.

The Supreme Court does not take judicial notice of the fact
that it is of greater importance to a mutual fire insurance
company than to a stock company that the identity and
responsibility of the insured be known to the insurer.

2. INSURANCE—FIRE—IDENTITY OF INSURED.

Fire insurance contracts are personal and the identity of the
insured is a matter of importance to the insuring company.

3. SAME—FIRE—ASSIGNMENT OF POLICY.

Fire insurance policy provision that the policy will be void if it
is assigned without the insurer's written consent, required by
statute to be in such policies, is valid and enforceable (CLS.
1956, § 500.2832).

4. SAME—FIRE—ASSIGNMENT OF POLICY—NOTICE TO INSURER.

Relief was properly denied assignee of fire insurance policy in
suit to compel insurer to accept assignments and pay loss
to her, where insurer, which had not known of assignments
before occurrence of fire losses destroying property that had
been condemned for human habitation, had canceled the
policies, notwithstanding the required standard assignment
clause may result in a windfall to the insurer in some instances.
(CLS 1956, § 500.2832).

Appeal from Wayne; Sullivan (Joseph A.), J.
Submitted April 11, 1961. (Docket No. 52, Calendar
No. 49,093.) Decided June 28, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29A Am Jur, Insurance § 1836.
[2] 29A Am Jur, Insurance § 1914.
[3, 4] 29 Am Jur, Insurance §§ 183, 652, 673.

Bill by Margaret D. McHugh against Manhattan Fire and Marine Insurance Company, a foreign corporation, to compel company to recognize assignments and pay fire loss. Bill dismissed. Plaintiff appeals. Affirmed.

*John S. Gavran,* for plaintiff.

*Davies & Moesta* (*Rodman C. Moesta,* of counsel), for defendant.

EDWARDS, J. Plaintiff and appellant is the assignee of a fire insurance policy upon a house. After the house concerned was damaged by 2 fires, plaintiff filed a bill of complaint in equity to compel the defendant insurance company to accept the assignments involved and pay the loss to her. Defendant insurance company claimed the assignments were without defendant's knowledge or consent and that the policy's specific terms rendered them invalid.

The circuit judge heard the case on an agreed statement of facts and dismissed the bill of complaint.

The stipulated facts follow:

"In order to facilitate trial of the above cause, the parties hereto, through their respective attorneys, have agreed upon the following facts without the necessity of further proof thereof.

"That on May 17, 1957, the defendant issued a policy of fire insurance through its agent, Bruno F. Domzalski, bearing No. 200,308, insuring Leslie and Evangeline Pearson for the sum of $5,000 against loss sustained by reason of fire to a dwelling house known as 11737 Goodwin avenue, Highland Park, Michigan for a period of 3 years from the above date to May 17, 1960, the premium being paid therefor.

"That the policy of insurance contained a mortgage clause in favor of Helen B. Day and Nancy Day Nester. On November 5, 1957, an indorsement was made on the said policy showing that the mortgage interest of Helen B. Day and Nancy Day Nester had been satisfied, and a mortgage clause in favor of Henry Burkhardt and Eleanor Burkhardt, his wife, was attached thereto.

"On January 29, 1958, Leslie and Evangeline Pearson conveyed by quitclaim deed the premises in question to Henry Burkhardt and Eleanor Burkhardt, his wife, and on said date did assign their interest in said policy of insurance to Henry and Eleanor Burkhardt.

"On April 21, 1958, Henry and Eleanor Burkhardt by quitclaim deed conveyed their interest in said dwelling to the plaintiff herein, and on said date did assign their interest in said policy of insurance to the plaintiff.

"Neither of these assignments of the insurance policy were ever given to the defendant or to the defendant's agent, Bruno Domzalski; nor did the company or its agent ever consent to the assignment of said policy.

"On either November 1 or November 2, 1958, a fire occurred in said dwelling causing damage to the premises. The plaintiff duly notified Bruno Domzalski, defendant's agent, of the loss and notice of the loss was sent to Nelson & Killian, Inc., the defendant's adjusters.

"On November 17, 1958, the assignments above mentioned were mailed to Nelson & Killian, Inc., the defendant's adjusters, but were not accepted or consented to by either the said adjusters or the defendant. On November 18, 1958, a 10-day notice of cancellation of said policy was sent to Leslie Pearson and Evangeline Pearson and to Henry and Eleanor Burkhardt, as mortgagees under said policy, and the unused portion of the premium was tendered to Leslie Pearson and Evangeline Pearson, the assureds under said policy of insurance.

"That on November 25, 1958, a second fire occurred and the plaintiff duly notified the defendant of said loss.

"It is admitted that the damage caused by the 2 fires was in excess of the policy limits, and if plaintiff is to recover her damage, it would be in the amount of $5,000.

"That on November 5, 1957, a letter was sent by the city of Highland Park to Leslie Pearson advising him that condemnation proceedings were being started due to the poor condition of the dwelling and advising that the dwelling was unfit for occupancy until the necessary repairs were made. That at the time of the fires no repairs had yet been made to said dwelling to make it fit for habitation.

"That the defendant has refused to acknowledge any liability for this loss on the ground that it had not been notified of, nor had it consented to the assignments of said policy of insurance, and that under the terms of the said policy of insurance, that no assignment is valid unless consented to by the defendant."

The clause relied upon by defendant insurance company was printed on the face of the policy:

"Assignment of this policy shall not be valid except with the written consent of this company."

Thus this case presents the question as to whether in an action in equity an assignee of a fire insurance policy has any recourse when, after notice of loss, the insurance company cancels the policy, tenders back the premiums and denies liability because the assignment was made without notice to the company and acceptance thereby as required by express language in the policy.

As we have noticed, the circuit judge who heard this matter answered this question in the negative. In doing so he relied upon established authority. *Kamm & Schellinger Brewing Co.* v. *St. Joseph*

*County Village Fire Insurance Co.,* 168 Mich 606; *Cleaver* v. *Traders' Insurance Company,* 65 Mich 527 (8 Am St Rep 908); 29 Am Jur, Insurance, § 653.

Actually in one sense the 2 Michigan cases cited above are considerably stronger cases for the plaintiffs involved than is our present one. In each, an insurance agent knew of the facts about which the claimant was required to inform the insurance company.

Appellant, however, claims that these cases involved mutual insurance companies and that to such companies the identity (and responsibility) of the insured was of greater importance than it is to the modern stock company. This record does nothing, however, to establish this distinction and, if true, it is hardly common knowledge as to which the Court would be inclined to take judicial notice.

Further, appellant fails to cite one authority which supports the proposition that legal effect may be given an assignment made without the insurance company's knowledge or consent when the specific terms of the insurance contract are to the contrary.

On the contrary, the general rule appears to hold that fire insurance contracts are personal and that the identity of the insured is a matter of importance to the insuring company.

Indeed, Appleman says:

"A provision that a fire policy shall be void if it is assigned without the insurer's written consent is valid and enforceable, as has been seen. While such provisions will usually be construed against the insurer to prevent a forfeiture, yet they must be upheld where they clearly and plainly exist." 5 Appleman, Insurance Law & Practice, § 3425.

See, also, *Leonard* v. *Farmers' Mutual Fire Insurance Co. of Monroe and Wayne Counties,* 192 Mich

230; 6 Couch, Cyclopedia of Insurance Law, § 1450; 66 ALR 864, annotation.

Finally, we note that the language of the assignment provision relied upon by the insurance company herein is an exact copy of the wording on the first page of the Michigan standard policy, set forth in the Michigan insurance code of 1956 (CLS 1956, § 500.2832 [Stat Ann 1957 Rev § 24.12832]), which all fire insurance companies are required to follow.

Whether or not this standard assignment clause grants an unfair windfall to fire insurance companies in some instances would appear to be subject to legislative consideration.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and SOURIS, JJ., concurred.

KAVANAGH, J., did not sit.