PISKORSKI v ART CENTRE HOSPITAL

Docket No. 47990. Submitted April 13, 1981, at Detroit.—Decided October 6, 1981. Leave to appeal applied for.

Leonard Piskorski, as administrator of the estate of Henry W. Piskorski, deceased, brought an action against the Art Centre Hospital and R. Roulier, D.O., alleging medical malpractice. The defendants moved for accelerated judgment on the ground that the circuit court lacked jurisdiction because the plaintiff's decedent had entered into an arbitration agreement which was binding on the plaintiff. Wayne Circuit Court, Maureen P. Reilly, J., granted the defendants' motions. The plaintiff appeals, alleging that the R. Hood-McNeely-Geake Malpractice Arbitration Act is unconstitutional because it denies a claimant due process of law and that the arbitration agreement signed by the plaintiff's decedent constituted a contract of adhesion. *Held:*

1. The composition of the arbitration panel to hear complaints alleging medical malpractice under the act which includes a mandatory physician-member violates a complainant's right to due process of law because of the high probability of bias against the complainant by the physician-member of the panel.

2. The record reveals that the arbitration agreement signed by the plaintiff's decedent was entered into voluntarily, was not a condition of admission to the hospital, and was subject to subsequent revocation by the decedent. Thus, it did not constitute a contract of adhesion.

Reversed and remanded.

CYNAR, J., dissented. He would hold that a complainant's right to due process of law is not violated by the composition of the arbitration panel as prescribed by the act because submission to arbitration is voluntary and does not deny a patient a

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 16A Am Jur 2d, Constitutional Law §§ 616, 816.

61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 374, 376.
Arbitration of medical malpractice claims. 84 ALR3d 375.

[2] 16A Am Jur 2d, Constitutional Law § 616.

61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.

meaningful opportunity to decide whether to relinquish his constitutional right of access to a court of law and because safeguards are provided in the process by which the arbitrators are selected. He would affirm.

OPINION OF THE COURT

1. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION PANELS — DUE PROCESS — STATUTES.

The composition of the arbitration panel to hear complaints involving allegations of medical malpractice pursuant to an arbitration agreement as prescribed by the R. Hood-McNeely-Geake Malpractice Arbitration Act, because of the high probability of bias against a complainant, violates the complainant's right to due process of law (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

2. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION AGREEMENTS — CONTRACTS OF ADHESION — STATUTES.

An agreement to arbitrate claims of medical malpractice as prescribed by the R. Hood-McNeely-Geake Malpractice Arbitration Act which is not a condition of admission to a health care facility or treatment by a physician and which subsequently may be revoked is not a contract of adhesion (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

DISSENT BY CYNAR, J.

3. ARBITRATION — MEDICAL MALPRACTICE — ARBITRATION PANELS — DUE PROCESS.

*The provision of the R. Hood-McNeely-Geake Malpractice Arbitration Act which prescribes that one member of an arbitration panel be a physician does not deny a complainant's right to due process of law; submission to arbitration under the act is voluntary and does not deprive a patient of a meaningful opportunity to decide whether to relinquish his constitutional right of access to a court of law, and safeguards are provided in the process whereby arbitrators are selected.*

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *David L. Moffitt),* for defendant hospital.

Before: R. M. MAHER, P.J., and R. B. BURNS and CYNAR, JJ.

R. B. BURNS, J. Plaintiff filed suit in Wayne County Circuit Court for medical malpractice. Defendants filed a motion for accelerated judgment, claiming that the circuit court did not have jurisdiction because the plaintiff's decedent had signed an arbitration agreement as provided for in MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* The circuit court granted the motion for accelerated judgment.

Plaintiff appeals, claiming that the R. Hood-Mc-Neely-Geake Malpractice Arbitration Act is unconstitutional because it requires that one person of the three-member arbitration panel be a physician. Plaintiff also claims that the arbitration agreement constituted a contract of adhesion.

There is a difference of opinion among the judges of the Court of Appeals as to the constitutionality of the medical malpractice arbitration act.

*Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), and *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981), both held that the act was constitutional.

*Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 313 NW2d 212 (1981), holds that the act is unconstitutional.

In our opinion, the reasoning set forth in *Jackson* is the better position, and we adopt that view.

Reversed and remanded for trial.

R. M. MAHER, P.J., concurred.

CYNAR, J. *(dissenting).* I dissent for the reasons set forth in my opinion in *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981).