LOVELL v SISTERS OF MERCY HEALTH CORPORATION

Docket No. 48681. Submitted December 7, 1981, at Detroit.—Decided August 25, 1982. Leave to appeal applied for.

Janice L. Lovell and D. Michael Lovell individually and Janice L. Lovell as next friend of Katherine Lovell, an infant, brought a medical malpractice action alleging professional negligence in connection with the birth of Katherine Lovell against Sisters of Mercy Health Corporation, doing business as Saint Joseph Mercy Hospital, and others in Wayne Circuit Court. The court, Victor J. Baum, J., granted accelerated judgment in favor of defendants on the ground that a valid medical malpractice arbitration agreement had been executed by the parties. Plaintiffs appeal by leave granted. *Held:*

The medical malpractice arbitration act is unconstitutional or unconscionable or both. The trial court's accelerated judgment order is reversed and the case is remanded for further proceedings.

CYNAR and R. M. MAHER, JJ., concur in the result only.

Reversed and remanded.

ARBITRATION — MEDICAL MALPRACTICE.

The R. Hood-McNeely-Geake Malpractice Arbitration Act is unconstitutional or unconscionable or both (MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.).*

*Charfoos, Christensen, Gilbert & Archer, P.C.* (by *John G. Konkel* and *Ronald R. Gilbert),* for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *David L. Moffitt* and *Clyde M. Metzger, III),* for Sisters of Mercy Health Corporation,

REFERENCES FOR POINTS IN HEADNOTE

61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 374, 376. Arbitration of medical malpractice claims. 84 ALR3d 375.

St. Joseph Mercy Hospital, and Drs. Malone and Hooberman.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Jack E. Vander Male),* for Dr. Sanchez.

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. This suit alleging medical malpractice was commenced in circuit court on July 21, 1978. Plaintiffs alleged professional negligence in connection with the birth of the infant Katherine Lovell. The defendants, the attending physicians and the hospital, were granted accelerated judgment on the ground that a valid medical malpractice arbitration agreement had been executed by the parties. Plaintiffs appeal by leave from this decision.

The trial court outlined the salient facts as follows:

"Approximately four weeks prior to plaintiff, Janice L. Lovell's admission to defendant hospital for childbirth, the hospital mailed to her proposed agreements to arbitrate to be executed at her option for herself and her infant, as yet unborn. The agreements had previously been signed by a representative of the hospital. The agreements were to take effect upon plaintiff's admission. Plaintiff, Janice L. Lovell, signed and returned the agreements to the hospital. They were subsequently dated upon her admission. At the time she received the proposed agreements, plaintiff, Janice L. Lovell, also received all the information and documents concerning arbitration required by the act."

The major issue presented here is whether MCL 600.5046(2); MSA 27A.5046(2), is constitutional. Section 5046(2) is one of many provisions in the

controversial Michigan medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.* This section provides that:

"A minor child shall be bound by a written agreement to arbitrate disputes, controversies, or issues upon the execution of an agreement on his behalf by a parent or legal guardian. The minor child may not subsequently disaffirm the agreement."

The constitutionality of the act in general has caused a split in the Court of Appeals that can only be patched by the Supreme Court. On the basis of *Strong v Oakwood Hospital Corp,* 118 Mich App 395; 325 NW2d 435 (1982), *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439 (1982), and *Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981), we conclude that the arbitration act is unconstitutional or unconscionable or both and, therefore, reverse the trial court's accelerated judgment order and remand this case to the trial court for further proceedings.

Reversed and remanded.

CYNAR, J., concurs in the result on the basis of *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439 (1982).

MAHER, J., concurs in the result only for the reasons set forth in his concurring opinion in *Strong v Oakwood Hospital Corp,* 118 Mich App 395; 325 NW2d 435 (1982).