## MANUEL v PIERCE

Docket No. 55892. Submitted March 15, 1982, at Detroit.—Decided November 17, 1982. Leave to appeal applied for.

Plaintiff, Phyllis D. Manuel, individually, and as administratrix of the estate of William A. Manuel, III, deceased, and as next friend of Tiffany A. Manuel, Dayton P. Manuel, and Jennifer L. Manuel, minors, brought an action in the Wayne Circuit Court against defendants Dr. James Pierce and Hutzel Hospital alleging medical malpractice. The hospital moved for an accelerated judgment asserting that the circuit court lacked subject matter jurisdiction by reason of a medical malpractice arbitration agreement executed by the decedent. The trial court, Victor J. Baum, J., thereafter issued an opinion finding that the medical malpractice arbitration act violated plaintiff's constitutional right to a hearing before a fair and impartial tribunal. An order denying the hospital's motion for an accelerated judgment was then entered by the circuit court. The circuit court also entered an order denying the hospital's motion for reconsideration. Hutzel Hospital appeals, by leave granted, from the orders denying the motions for an accelerated judgment and reconsideration. *Held:*

1. The trial court erred in holding the medical malpractice arbitration act to be unconstitutional.

2. When a defendant in a malpractice action moves for accelerated judgment on the ground that the plaintiff has executed an arbitration agreement, the trial court shall conduct a hearing. At the hearing, the defendant must affirmatively show that before signing the agreement, the plaintiff was

References for Points in Headnotes

[1, 3, 6-9] 5 Am Jur 2d, Arbitration and Award §§ 8, 9.

[1, 8, 9] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 374. Arbitration of medical malpractice claims. 84 ALR3d 375.

[2] 5 Am Jur 2d, Arbitration and Award § 26.

[4] 5 Am Jur 2d, Arbitration and Award § 5.

[5] 17 Am Jur 2d, Contracts § 149.

[6] 5 Am Jur 2d, Arbitration and Award § 41.

[8] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.

[10] 17 Am Jur 2d, Contracts §§ 12, 13.

specifically informed: (1) that the form he was being asked to sign was an arbitration agreement, (2) that by signing the form, he would be giving up his right to trial by jury or a judge, (3) that the arbitration panel that would decide his case would include an attorney, a layman, and a doctor or a hospital administrator, (4) that physicians and hospital administrators on arbitration panels may have an incentive to minimize the number and size of malpractice awards because their malpractice insurance rates are directly affected by those awards, (5) that he did not have to sign the arbitration agreement, (6) that the patient would receive the same quality of medical treatment and would be attended to just as quickly, whether or not he chose to sign the agreement, (7) that doctors and hospitals are not permitted to refuse treatment to patients who do not sign the agreement, and (8) that signing the agreement is entirely up to the patient. If the defendant fails to establish by clear and convincing evidence that plaintiff was so informed (and that he understood the information), the motion for accelerated judgment shall be denied.

DANHOF, C.J., concurred with the holding that reversal is required since he believes that the medical malpractice arbitration act does not violate a malpractice plaintiff's due process right to a hearing before a fair and impartial tribunal. However, he does not agree with the conclusion that it is the defendants' burden to prove the validity of the arbitration agreement which the plaintiff's decedent admittedly signed. He would conclude that a prior Court of Appeals case, which held that the burden is on the defendant to prove the validity of the agreement, was wrongly decided. He would reject plaintiff's contention that the agreement is an unenforceable contract of adhesion.

BRONSON, J., concurred on the subject of the proper disposition of a motion for an accelerated judgment based on an agreement to arbitrate a medical malpractice claim where the medical malpractice arbitration act is held constitutional. He also concurred that the prior Court of Appeals opinion, which held that the burden is on the defendant to prove the validity of the agreement, sets forth an adequate procedure for determining if a waiver is knowing, intelligent, and voluntary. He would also hold the agreement is not an unenforceable contract of adhesion. However, he does not agree that the act is constitutional since he believes it fails to provide for a facially fair tribunal.

Reversed and remanded for a hearing.

OPINION OF THE COURT

1. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — CONSTI-
TUTIONAL LAW — IMPARTIAL TRIBUNAL.

   The Michigan medical malpractice arbitration act does not vio-
   late a patient's due process right to a fair and impartial
   tribunal and is not unconstitutional (MCL 600.5040 *et seq.;*
   MSA 27A.5040 *et seq.).*

2. ARBITRATION — MEDICAL MALPRACTICE.

   When a defendant in a malpractice action moves for accelerated
   judgment on the ground that the plaintiff has executed an
   arbitration agreement, the trial court shall conduct a hearing;
   at the hearing, the defendant must affirmatively show that
   before signing the agreement, the plaintiff was specifically
   informed: (1) that the form he was being asked to sign was an
   arbitration agreement, (2) that by signing the form, he would
   be giving up his right to trial by jury or a judge, (3) that the
   arbitration panel that would decide his case would include an
   attorney, a layman, and a doctor or a hospital administrator,
   (4) that physicians and hospital administrators on arbitration
   panels may have an incentive to minimize the number and size
   of malpractice awards because their malpractice insurance
   rates are directly affected by those awards, (5) that he did not
   have to sign the arbitration agreement, (6) that the patient
   would receive the same quality of medical treatment and would
   be attended to just as quickly, whether or not he chose to sign
   the agreement, (7) that doctors and hospitals are not permitted
   to refuse treatment to patients who do not sign the agreement,
   and (8) that signing the agreement is entirely up to the patient;
   if the defendant fails to establish by clear and convincing
   evidence that plaintiff was so informed (and that he understood
   the information), the motion for accelerated judgment should
   be denied.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY DANHOF, C.J.

3. CONSTITUTIONAL LAW — ARBITRATION — RIGHT TO TRIAL.

   *A civil litigant's decision to agree to arbitration and forego the
   right of access to the courts is not subject to the same exacting
   scrutiny as is the decision of a criminal defendant who waives a
   constitutional right since a person's decision to agree to arbitra-
   tion does not involve the complete abandonment of a constitu-
   tional right.*

4. ARBITRATION — COURTS.

*It has long been the policy of the courts of Michigan to encourage arbitration.*

5. CONTRACTS — WRITTEN INSTRUMENTS — EXECUTION — KNOWLEDGE.

*A person who executes a written agreement is chargeable with knowledge of the contents of such instrument.*

6. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION AGREEMENTS — PRESUMPTION OF VALIDITY.

*An agreement to arbitrate a malpractice claim is presumed valid where the disclosure provisions of the agreement comply with the requirements for such agreement provided in the medical malpractice arbitration act (MCL 600.5041[7]; MSA 27A.5041[7]).*

7. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION AGREEMENTS — VALIDITY — BURDEN OF PROOF.

*The Legislature has evinced a clear intent to place the burden upon the party challenging the validity of a medical malpractice arbitration agreement to demonstrate that the agreement is invalid; there is no constitutional impediment precluding the Legislature from placing such burden of proof on the party seeking to avoid the agreement, therefore, a Court of Appeals case which held that the burden is on the malpractice defendant to prove the validity of the agreement was wrongly decided (MCL 600.5041[7]; MSA 27A.5041[7]).*

8. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION AGREEMENTS — CONTRACTS — ADHESION CONTRACTS.

*A medical malpractice arbitration agreement in conformance with the requirements of the medical malpractice arbitration act is not an unenforceable contract of adhesion (MCL 600.5040 et seq.; MSA 27A.5040 et seq.).*

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY BRONSON, J.

9. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — DUE PROCESS.

*The Michigan medical malpractice arbitration act is unconstitutional for failure to provide for a facially fair tribunal; the portion of the statute relating to the composition of the arbitration panels violates due process of law by forcing the litigant to submit his or her claim to a tribunal which is composed in such a way that a high probability exists that said tribunal will be biased against the claimant without mandating the use of an*

*arbitration form explicity detailing the nature of the panel's makeup.*

10. Arbitration — Medical Malpractice — Contracts of Adhesion.

The medical malpractice arbitration agreement is not a contract of adhesion; a contract of adhesion is one in which the consumer must accept the agreement presented in order to avail himself of the goods or services desired and in which the consumer really has no opportunity to bargain over terms; although the patient's situation and the coercive atmosphere inherent in the hospital setting apparently makes it difficult to refuse to sign the arbitration agreement, a patient is not required to sign the same as a condition of admission or treatment.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Donald A. Ducastel* and *Stephen M. Kelley),* for defendant.

Before: Danhof, C.J., and Bronson and J. R. Ernst,* JJ.

J. R. Ernst, J. Defendant Hutzel Hospital appeals, by leave granted, from an order denying its motion for an accelerated judgment. In denying the motion, the trial judge held that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* is unconstitutional. I am not convinced that the act is unconstitutional and, therefore, conclude that the trial court's decision must be reversed. At the same time, concern for safeguarding the rights of individuals who seek medical treatment compels me to comment regarding the proper procedure for analyzing a claim that a person has waived his right to bring an action for medical malpractice in a judicial forum.

* Circuit judge, stting on the Court of Appeals by assignment.

I am in accord with the result reached by this Court in *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982), and adopt the guidelines as expressed in part IV of that opinion.

Therefore, the decision of the trial court is reversed and the matter is remanded so that a hearing may be conducted at which defendant Hutzel Hospital has the burden of proving by clear and convincing evidence that plaintiff's decedent was provided with (and understood) the information required by *Moore, supra,* pp 202-203.

Reversed and remanded.

DANHOF, C.J. *(concurring in part and dissenting in part).* Defendant Hutzel Hospital appeals, by leave granted, from an order denying its motion for an accelerated judgment.

On August 29, 1979, plaintiff commenced this action. Her complaint alleged various acts of medical malpractice committed by defendants Dr. James Pierce and Hutzel Hospital during plaintiff's decedent's hospital stay from August 14 to October 3, 1977. At the time he was admitted to the hospital, plaintiff's decedent executed a medical malpractice arbitration agreement.

Hutzel Hospital moved for an accelerated judgment, under GCR 1963, 116.1(2), asserting that the circuit court lacked subject matter jurisdiction by reason of the arbitration agreement. Plaintiff challenged the validity of the arbitration agreement on constitutional and other grounds.

On May 22, 1980, the trial court issued an opinion finding that the medical malpractice arbitration act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* violated plaintiff's constitutional right to have a hearing before a fair and impartial tribunal. An order denying Hutzel Hospital's motion

was entered on July 14, 1980. On December 4, 1980, the trial court entered an order denying a motion for reconsideration. We granted Hutzel Hospital's application for leave to appeal.

There is a split of authority on this Court as to whether the medical malpractice arbitration act violates the right to a hearing before a fair and impartial tribunal in that it requires that one of the three arbitration panel members be a physician or hospital administrator. Compare *Brown v Siang,* 107 Mich App 91; 309 NW2d 575 (1981); *Morris v Metriyakool,* 107 Mich App 110; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981); *Williams v O'Connor,* 108 Mich App 613; 310 NW2d 825 (1981); *Cushman v Frankel,* 111 Mich App 604; 314 NW2d 705 (1981); *Rome v Sinai Hospital of Detroit,* 112 Mich App 387; 316 NW2d 428 (1982), with *Jackson v Detroit Memorial Hospital,* 110 Mich App 202; 312 NW2d 212 (1981), *lv gtd* 412 Mich 885 (1981); *Piskorski v Art Centre Hospital,* 110 Mich App 22; 312 NW2d 160 (1981).

I am persuaded that *Brown, supra,* and those decisions finding that the medical malpractice arbitration act does not violate a malpractice plaintiff's due process right to a hearing before a fair and impartial tribunal have reached the correct result. Therefore, I concur with Judge Ernst that reversal is required.

Plaintiff also contends that by signing the arbitration agreement her decedent did not knowingly, intelligently and voluntarily waive his right to trial before a court of law. In support of her contention, plaintiff relies on *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982). In *Moore, supra,* a panel of this Court ruled that where a defendant in a malpractice action moves for an accelerated judgment on the ground that

plaintiff has executed an arbitration agreement, the burden is on defendant to prove by clear and convincing evidence that plaintiff knowingly, intelligently and voluntarily waived his right to trial before a court of law.

While I agree with the *Moore* Court's premise that the right of access to the courts is an important constitutional right, I do not agree that a civil litigant's decision to forego that right is subject to the same exacting scrutiny as is the decision of a criminal defendant who waives a constitutional right. Unlike a criminal defendant's decision to give up the right to counsel, or other similar rights, a person's decision to agree to arbitration does not involve the complete abandonment of a constitutional right. See *Arkoosh v Dean Witter & Co, Inc,* 415 F Supp 535, 544 (D Neb, 1976), *aff'd* 571 F2d 437 (CA 8, 1978). Furthermore, a decision to arbitrate does not involve the sort of procedural due process considerations presented in *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972). On the contrary, it merely involves an agreement to have disputes resolved by a simpler, less costly process. See *Scherk v Alberto-Culver Co,* 417 US 506, 519; 94 S Ct 2449; 41 L Ed 2d 270 (1974). It has long been the policy of courts of this state to encourage arbitration. *Detroit v A W Kutsche & Co,* 309 Mich 700; 16 NW2d 128 (1944). Since we have already held that the makeup of the arbitration panel satisfies due process requirements that the tribunal be fair and impartial, I cannot agree with Judge ERNST that we should adopt the *Moore* Court's conclusion that it is a defendant's burden to prove the validity of an arbitration agreement which a plaintiff's decedent has admittedly signed.[1]

---

[1] It should be noted that at least one other panel of this Court has

It is well-established that where a person executes a written instrument he is chargeable with knowledge of the contents of such instrument. *Cleaver v The Traders' Ins Co,* 65 Mich ´527; 32 NW 660 (1887). The rule was established for more than mere procedural convenience. It is based upon sound experience and long-standing judicial recognition that in the absence of such a rule the worth of written instruments would be almost nonexistant. The rule is intended to insure greater stability with respect to such instruments. *Sponseller v Kimball,* 246 Mich 255, 260; 224 NW 359 (1929). The Legislature has provided various safeguards in the medical malpractice arbitration act to insure that a person signing such an agreement has every opportunity to understand the rights and responsibilities created by the agreement. MCL 600.5041; MSA 27A.5041. Of particular note is the provision concerning the distribution of an information brochure. MCL 600.5041(6); MSA 27A.5041(6). Much of the information which the *Moore* Court would require to be disclosed to the patient is contained in the brochure. I perceive no cogent reason to require that a defendant make a further showing that it has provided that information to a plaintiff.

The act provides that where the disclosure provisions of the arbitration agreement comply with the requirements of § 5041, the agreement "shall be presumed valid". MCL 600.5041(7); MSA 27A.5041(7). In my view, this provision evinces a clear legislative intent to place the burden upon the party challenging the validity of the agreement to demonstrate that the agreement is invalid. The *Moore* Court's holding that the burden

declined to adopt the approach taken by *Moore, supra.* See *Horn v Cooke,* 118 Mich App 740; 325 NW2d 558 (1982). But see Judge Cynar's opinion in *Gale v Providence Hospital,* 118 Mich App 405; 325 NW2d 439 (1982).

is on the defendant to prove the validity of the agreement places an impossible burden on the defendant and frustrates the entire legislative scheme in enacting the statute. Since I find no constitutional impediment which would preclude the Legislature from placing the burden of proof on the party who seeks to avoid the agreement, I would conclude that *Moore, supra,* was wrongly decided.

In the present case, plaintiff has not alleged that the requirements of § 5041 were not complied with, nor does she contend that the agreement to arbitrate was induced by coercion or as the result of misrepresentations made by defendants. On the contrary, plaintiff has made no attempt to show that at the time her decedent signed the agreement he did not understand the consequences of his actions. Under these circumstances, I would find that plaintiff's claim is without merit.

Finally, for the reasons stated in *Brown v Siang, supra,* I would also reject plaintiff's contention that the agreement is an unenforceable contract of adhesion.

BRONSON, J. *(concurring in part and dissenting in part).* I continue to adhere to the position I stated in dissent in *Morris v Metriyakool,* 107 Mich App 110, 121; 309 NW2d 910 (1981), *lv gtd* 412 Mich 884 (1981). I agree with Judge ERNST on the subject of the proper disposition of a motion for an accelerated judgment based on an agreement to arbitrate a medical malpractice claim where the medical malpractice arbitration act is held constitutional. I believe the opinion in *Moore v Fragatos,* 116 Mich App 179; 321 NW2d 781 (1982), sets forth an adequate procedure for determining if a waiver is knowing, intelligent, and voluntary.