## Charles H. Smith v. Merlin C. Osborn and another.

*Mortgages: Fraud: Deceit: Husband and wife.* Where a husband, after soliciting and obtaining the consent of his wife to the mortgaging of her property to secure the purchase price of goods then presently to be sold and delivered to him, presented to her, though without any false representations, and procured her to execute a mortgage covering also an old indebtedness of his, of which she was not informed, in addition to such purchase price, the mortgage was held void as to the prior indebtedness for the fraud, but valid as to the residue thereof.

*Equity pleading and practice: Foreclosure bill: Installments: Decree.* Upon a bill filed to foreclose a mortgage payable in installments at a time when only one installment had become due and remained unpaid, and which seeks a foreclosure for that payment only, a decree covering in addition thereto other installments not yet due when the bill was filed, is unwarranted.

*Fraud: Innocent parties: Superior equities: Prior indebtedness.* One who has innocently received from a husband, to secure the purchase price of goods then presently sold and delivered to him, and also a prior indebtedness of his, a mortgage executed by his wife upon her own property, which, as to such prior indebtedness, was a fraud upon her, cannot claim to have equities superior to hers so long as the avoiding of the mortgage to the extent of such old indebtedness will not place him in any worse position than he originally occupied.

*Heard January 21.    Decided April 5.*

Appeal in Chancery from Saginaw Circuit.

*Wisner & Draper*, for complainant, to the point that the complainant ought not to be prejudiced by any fraud practiced by one defendant upon another, in the absence of any showing that he was privy to it or took part in it, cited: *McWilliams v. Mason, 31 N. Y., 294; Stowe v. Compton, 35 E. C. L., 93; Durfee v. McClary, 6 Mich., 232; 2 Pars. on Cont., 8, note s.*

*Thompson & Tarsney*, for defendant Emeline C. Osborn.

The defendant, Emeline C. Osborn, having given a mortgage to secure her husband's debt, is a surety.—*Denison v. Gibson, 24 Mich., 187; 3 Leading Cases in Eq., 580–591.*

She was entitled, at the time she entered into the con-

tract of suretyship, to a full, fair and explicit statement of all facts and circumstances which might naturally have the effect to increase her liability as such surety, and the suppression of any such material fact or circumstance will relieve her from all liability whatever.—*Denison v. Gibson, 24 Mich., 187 ; Piddock v. Bishop, 3 B. C., 605; Jackson v. Duchare, 3 T. R., 552 ; Steinman v. Mayners, 11 East, 390; Weed v. Beatty, 6 Hill, 56; 3 Leading Cases in Eq., 355; Story's Eq. Jur.,* §§ *214, 215, 216, 217, 218; Willard's Eq., 147–151 ; 2 Am. L. Cas., 316.*

Complainant Smith took this mortgage as collateral security to a pre-existing debt, and is not a holder for value, and any defense that could be made to this mortgage in the hands of Osborn, or a party to the fraud, can be made to it in his hands. This rule applies even to negotiable paper.— *1 Parsons on Con., 258, and note a, and cases cited.* Courts have gone so far as to hold that no party, however innocent, can profit by a fraud.—*Kerr on Mistake and Fraud, 51; Huguenon, v. Basely, 14 Ves., 289 ; Burns v. Johnson, 18 Miss., 169 ; Jones v. Emery, 40 N. H., 348 ; Lawrence v. Hand, 23 Miss., 103; 3 Iredell Eq. R., 219.*

We submit that in securing this mortgage, Osborn acted as the agent of Smith. The mortgage was obtained at Smith's request and for his benefit.

COOLEY, CH. J :

The consideration of the mortgage which is in controversy in this suit was the purchase price of certain goods bought by Merlin C. Osborn of complainant, and also an old indebtedness of a few hundred dollars owing by him to complainant. The mortgage is upon property owned by Emeline C. Osborn, who is the wife of the other defendant, and was given by her at her husband's request. She defends the foreclosure, claiming to have been defrauded when her signature was obtained.

The alleged fraud consisted in the husband soliciting and

obtaining the consent of the wife to the mortgaging of her property to secure the purchase price of the goods, and then, without her knowledge, making it cover the old indebtedness also. No false representation is alleged, but there was deception in presenting and obtaining the execution of a mortgage which differed from what was agreed; and this deception, it is insisted, was a fraud which entitles Mrs. Osborn to avoid the mortgage.

The claim of the defense cannot be sustained to the full extent. So far as the security was agreed upon by Mrs. Osborn it must be supported. To that extent there was no fraud on the part of any one; and as the husband has had the benefit of the arrangement, whatever it was, all the equities are in favor of enforcing the mortgage so far as it was fair and just. Mrs. Osborn has all the relief she is entitled to if she is relieved of that portion of the sum included in the mortgage which it was wrongfully made to cover.

The bill appears to have been filed to foreclose the mortgage on the second payment for the purchase price of the goods falling due, and it seeks a foreclosure for that payment only. The old indebtedness was represented by a note falling due subsequently, and there were also two subsequent payments to fall due on the purchase of the goods. The allegations of the bill covered none of these, and no issue was made concerning them. Nevertheless the decree for complainant has been made to cover all of them. This was manifest error, and probably the decree was made through inadvertence.

On the case as it stands on the evidence, the complainant would not have been entitled to a decree for so much of the sum specified in the mortgage as constituted the old indebtedness. Mrs. Osborn, having been to this extent defrauded in the giving of the mortgage, is entitled to avoid it unless it can be sustained on the ground that her negligence in carelessly executing a mortgage without examination has enabled her husband to make use of it with a

person who has taken it in good faith, and who will now be defrauded if it is not enforced. 'As thus presented, the question will be whether Mrs. Osborn or the complainant, both being equally innocent, must suffer for Mr. Osborn's fraud; and it is said she should suffer because her negligence enabled the fraud to be committed. But to make this argument available it must appear that complainant, so far as the old indebtedness was concerned, has done something, or parted with something in reliance upon the mortgage, which will make defeating the mortgage as security to that extent operate to his injury. Nothing of the kind appears here; and this fact distinguishes the case broadly from *Mc Williams v. Mason, 31 N. Y., 294,* on which complainant relies.

The decree must be modified so as to confine it to the installment which was put in issue, and Mrs. Osborn must recover the costs of this court.

The other Justices concurred.