## CITIZENS' SAVINGS BANK *v.* DARLING.

HUSBAND AND WIFE—MORTGAGE—FRAUD.

A mortgage on the separate property of a married woman, given solely to secure an old debt of the husband and his brother, is invalid, where the wife was induced to execute the mortgage by the representation of the husband that it was to be used to obtain additional money to put into his business. *Smith* v. *Osborn*, 33 Mich. 410, followed.

Appeal from Wayne; Haire, J., presiding. Submitted June 10, 1896. Decided July 21, 1896.

Bill by the Citizens' Savings Bank against Emmie M. Darling and Edgar S. Darling to foreclose a mortgage From a decree dismissing the bill, complainant appeals. Affirmed.

*Gray & Gray*, for complainant.

*Edward A. Gott* and *Alfred Russell*, for defendant Emmie M. Darling.

LONG, C. J. The bill in this case was filed to foreclose a mortgage given by the defendant and her husband, Edgar S. Darling, on property owned by Mrs. Darling. The defense is that Mrs. Darling's signature to the mortgage was procured by the fraudulent representations of her husband. It appears that Edgar S. Darling and his brother, Elmer E. Darling, were in business together in Detroit as book agents, and owed a debt to complainant bank. The bank refusing to carry the debt longer without security, Darling went to his wife, and stated to her that he must obtain an advance of money from the bank to put into the business, and that he could not obtain such advance unless she would give a mortgage to the bank on her separate property. He concealed from her the fact that the mortgage was in reality to be used to pay the old debt of himself and his brother to the bank, and was not to be used to get additional money to put into the business. The money was used entirely to pay off the old debt.

The court below, on this state of facts, entered a decree dismissing the bill and discharging the mortgage of record; and also adjudged by the decree that the complainant recover from the defendant Edgar S. Darling the amount of the mortgage and interest, together with the costs of suit. Complainant appeals.

The case is governed by *Smith* v. *Osborn*, 33 Mich. 410. The decree of the court below will be affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. GRANT, J., did not sit.