PETERS *v.* BURT D. HOWE CO.

HUSBAND AND WIFE—FRAUD—CANCELLATION OF INSTRUMENTS.
An assignment of a land contract, the sole property of a married woman, which was induced by the representation that it was given for the purpose of obtaining additional money to aid the husband in his business, whereas, in fact, it was given to secure an existing indebtedness of his, was obtained by fraud, and is therefore void.

Appeal from Wayne; Chester (Guy M.), J., presiding.    Submitted October 13, 1926.    (Docket No. 98.)  . Decided January 3, 1927.

Bill by Clara C. Peters against Burt D. Howe Company and another to set aside an assignment of a land contract.    From a decree for plaintiff, defendants appeal.    Affirmed.

*Robert M. Dalton,* for plaintiff.

*Wallace Visscher,* for defendants.

CLARK, J.    Plaintiff in her own right owned on land contract a house and lot in Highland Park, where she and her husband lived.    He was a dealer in metals as was also the defendant Burt D. Howe Company, a Michigan corporation.    It is unnecessary to refer to the other party to this suit.    Mr. Peters had traded extensively with the defendant, and Mr. Howe of the company had aided him financially.    They were friends.    Mr. Peters was in financial straits.    Defendant was his largest creditor, and Mr. Howe evidently was hopeful that Mr. Peters might not fail. To strengthen his credit, it is said, defendant loaned

—Cancellation of Instruments, 9 C. J. § 195.

him two trade acceptances amounting to $5,000. But Mr. Peters disposed of the acceptances and used the money. Defendant sought prompt adjustment of this matter, and to that end Mr. Peters suggested plaintiff's home. She was told by her husband that he needed money in his business. She was willing to aid him. The record is persuasive that she knew little of his business matters and did not know of the trade acceptances. The two men were with Mrs. Peters when she signed the following assignment, upon or with the land contract, and delivered the same to Mr. Howe:

"Detroit, May 31, 1923.
"In consideration of one dollar and other valuable consideration to us in hand paid by Burt D. Howe Company, a Michigan corporation, we do hereby sell, assign and transfer unto said Burt D. Howe Company, all our right, title and interest in and to the within contract and advantages to be derived therefrom.
"CLARA C. PETERS (L. S.)
"J. H. PETERS (L. S.)
"In the presence of:
B. D. HOWE."

Plaintiff filed this bill to have the assignment set aside and the contract restored as having been obtained by fraud and without consideration, and had decree. Defendant has appealed.

Plaintiff testified that she made the assignment, not to secure an existing debt as contended by defendant, but upon the agreement and understanding with her husband and Mr. Howe that the latter, being more able to borrow than the former, was to obtain a loan to be received and used by the husband in his business; that no such loan was made, and that she had no consideration for the assignment. The husband's testimony is to the effect that plaintiff was told and given to understand that the purpose of the assignment was that he obtain a sum of money to be used in his

business.    Mr. Howe testified that the assignment was given understandingly to secure the existing debt of $5,000, and on this claim and the evidence supporting it defendant would retain the contract.  A circumstance regarding plaintiff's testimony of the reason for giving the assignment is that the men, immediately after the assignment, attempted, several times, but without success, to procure a loan on the assigned contract.

It may be that between the men the understanding of the assignment was as contended by defendant.    But plaintiff, we think, did not share in that understanding.    As to her, and with respect to the defense made, the finding of the trial judge that fraud was practiced against her to procure the assignment is, we think, sustained by a preponderance of the evidence.    It was held in *Citizens Savings Bank* v. *Darling*, 110 Mich. 227, quoting syllabus:

"A mortgage on the separate property of a married woman, given solely to secure an old debt of the husband and his brother, is invalid, where the wife was induced to execute the mortgage by the representation of the husband that it was to be used to obtain additional money to put into his business.    *Smith* v. *Osborn*, 33 Mich. 410, followed."

The question of no consideration is therefore not important.

The decree is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.