SCHULTZ v SCHULTZ

Docket No. 56478. Submitted April 12, 1982, at Lansing.—Decided June 23, 1982. Leave to appeal applied for.

Hubert G. Schultz and Lawrence J. Schultz are brothers. Their father died, leaving a 119-acre farm. Their father's will provided that six acres of the farm pass directly to Lawrence and that the residue be divided among the father's four children including Lawrence and Hubert. Hubert purchased the remaining 113 acres of the farm from the estate. Lawrence and his family had been living on the farm with his father when his father died. Lawrence expressed concern to Hubert about where Lawrence and his family would live because Hubert was buying the farm. Hubert executed a warranty deed transferring 53 acres of the farm to Lawrence "forever" and "without exception". In exchange, Lawrence transferred $9,000 to Hubert. Hubert and his wife Marjorie brought an action in Huron Circuit Court against Lawrence and his wife Catherine, seeking return of the 53-acre parcel of land alleging that the deed was executed pursuant to an oral mortgage agreement. The court, Allen E. Keyes, J., ordered the defendants to transfer the property back to the plaintiffs in return for the plaintiffs repaying the alleged related loan. The defendants appeal. *Held:*

Neither ground for the proper invocation of the doctrine of equitable mortgage exists here. The parties did not stand in a confidential relationship of trust or guidance, and Hubert did not execute the warranty deed to Lawrence under the power of coercion. The purchase price for the land was not inadequate. The trial court erred in failing to recognize that the statute of frauds barred relief to the plaintiffs even if they established the

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 72 Am Jur 2d, Statute of Frauds § 83.

[2] 55 Am Jur 2d, Mortgages §§ 11, 181.

[3] 55 Am Jur 2d, Mortgages § 40.

[4] 55 Am Jur 2d, Mortgages § 59.

   73 Am Jur 2d, Statute of Frauds § 589.

[5] 55 Am Jur 2d, Mortgages §§ 747-749.

[6] 39 Am Jur 2d, Guardian and Ward §§ 118, 119.

existence of an oral mortgage agreement. Judgment should have been granted to the defendants.

Reversed.

1. MORTGAGES — STATUTE OF FRAUDS.

A mortgage is an interest in land within the meaning of the statute of frauds (MCL 566.106; MSA 29.906).

2. MORTGAGES — EQUITABLE MORTGAGES — DEEDS.

A court may declare a deed absolute on its face to be an equitable mortgage, and appellate review of such a determination is *de novo;* however, the findings of a trial court should be upheld unless they are clearly erroneous.

3. MORTGAGES — EQUITABLE MORTGAGES — DEEDS — BURDEN OF PROOF.

A person who asserts that an absolute conveyance of land is a mortgage bears a heavy burden of proof and he must furnish a preponderance of evidence whereby it is made very clear to the fact-finder that the parties did not contemplate an absolute sale.

4. MORTGAGES — EQUITABLE MORTGAGES — STATUTE OF FRAUDS.

The demand for writing in the statute of frauds was intended for persons dealing with each other at arm's length and on an equal footing; it is proper for a court to declare an equitable mortgage in order to circumvent the requirement for a writing where the deed is between parties where one party stands in a relationship of trust or guidance to the other party and the relationship has been abused or where a creditor abuses the power of coercion which he may have by the force of circumstances over the debtor.

5. MORTGAGES — EQUITABLE MORTGAGES.

An adverse financial condition of a grantor coupled with an inadequate purchase price for the property is sufficient to establish a deed absolute on its face to be an equitable mortgage.

6. MORTGAGES — EQUITABLE MORTGAGES.

The doctrine of equitable mortgage is designed to protect the ward from his guardian not the guardian from his ward.

*Cubitt, Cubitt & Trowhill,* for plaintiffs.

*Robert John Bugge, P.C.,* for defendants.

Before: Danhof, C.J., and R. B. Burns and Wahls, JJ.

Per Curiam. Plaintiffs initiated suit for return of a 53-acre parcel of land which they had transferred to defendants by warranty deed, allegedly pursuant to an oral mortgage agreement. Prior to the trial, motions for summary judgment under GCR 1963, 117.2(1) and 117.2(3), based on the statute of frauds, were denied. Following a bench trial, defendants were ordered to transfer the property back to plaintiffs in return for plaintiffs repaying an alleged related loan. Defendants appeal.

Plaintiff Hubert G. Schultz and defendant Lawrence J. Schultz are brothers. Their father died in February, 1973, leaving a 119-acre farm. Their father's will provided for six acres to pass directly to Lawrence and the residue of the estate to be divided among the father's four children, Lawrence, Hubert, Mary, and Francis. Hubert bought the remaining 113 acres of the farm from the estate for $33,000.

Lawrence and his family, however, had been lviing on the farm with his father when his father died. Lawrence expressed concern to Hubert about where Lawrence and his family would live because Hubert was buying the farm. In addition, Hubert testified that he was worried about Lawrence's drinking problem and that he might squander away the $9,000 which he was about to receive from their father's estate. Lawrence and Hubert went to the office of a local attorney and Hubert executed a warranty deed transferring 53 acres of the farm to Lawrence "forever" and "without exception". In exchange, Lawrence transferred $9,000 to Hubert.

Testimony at the trial differed on whether the arrangement was a two-year loan with the deed serving merely as collateral or whether Hubert merely had first right of refusal in the event Lawrence ever wished to sell the property.

Plaintiffs' own expert witness testified that the value of the land at the time of the transaction was between $10,600 and $13,000.

Defendants attempt to defend this action on the basis of the statute of frauds. The relevant portions of the statute provide:

"No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing." MCL 566.106; MSA 26.906.

"Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing * * *." MCL 566.108; MSA 26.908.

A mortgage is an interest in land within the meaning of the statute of frauds. *Aetna Mortgage Co v Dembs,* 13 Mich App 686; 164 NW2d 771 (1968).

Notwithstanding the direct language of the statute, a court may declare a deed absolute on its face to be an equitable mortgage. *Grant v Van Reken,* 71 Mich App 121; 246 NW2d 348 (1976). Appellate review of such a determination is *de*

*novo,* but a trial court will not be reversed unless its decision is clearly erroneous. *Grant, supra,* 125.

The trial court found that plaintiffs had shown by a preponderance of the evidence the existence of an oral agreement and that an equitable mortgage should be declared. The court found the basis for the equitable mortgage to be that "Hubert had a brotherly concern for the welfare of Lawrence and his family, and the two brothers saw, through this arrangement, a solution to both of their problems". Although the trial court applied a "preponderance" test, the party who asserts that an absolute conveyance is a mortgage bears a "higher degree of proof than this" and must make it "very clear" to the fact-finder that the parties did not contemplate an absolute sale. *Grant, supra,* 125-126.

The demand for writing in the statute of frauds "was intended for persons dealing with each other at arm's length and on an equal footing". *Emerson v Atwater,* 7 Mich 12, 23 (1859). Thus, a review of Michigan case law reveals two instances in which it is proper to declare an equitable mortgage in order to circumvent the requirement for a writing. One such instance occurs when the deed is between parties where one party stands in a relationship of trust or guidance to the other party, such as attorney to client, guardian to ward, or parent to child, and the relationship has been abused. See *Emerson, supra,* 23-24, *Fred L Alpert Industries, Inc v Oakland Metal Stamping Co,* 379 Mich 272; 150 NW2d 765 (1967). In that situation, a court may declare a deed to be subject to an equitable mortgage where the deed would have been held to be unencumbered had the parties not been so related. *Emerson, supra,* 24, *Alpert Industries, supra,* 278.

The other instance in which equitable mortgages may properly be declared occurs when a creditor abuses the "power of coercion" which he may have, by the force of circumstances, over the debtor. *Emerson, supra,* 24, *Alpert Industries, supra,* 278, accord, *Koenig v Van Reken,* 89 Mich App 102; 279 NW2d 590 (1979). Courts sitting in equity interfere between the creditor and debtor to prevent oppression. *Emerson, supra,* 24, *Alpert Industries, supra,* 278. Otherwise, the statute of frauds would become "a shield for the protection of oppression and fraud". See *Emerson, supra,* 25, *Alpert Industries, supra,* 279. As has been observed, an oppressed debtor "will not hesitate to execute a deed or bill of sale, absolute upon the face of it, but intended to operate as a mortgage, to four times the value of the loan, without insisting upon a written deed of defeasance". *Fuller v Parrish,* 3 Mich 211, 218 (1854). Thus, an adverse financial condition of the grantor coupled with an inadequate purchase price for the property is sufficient to establish a deed absolute on its face to be an equitable mortgage. *Koenig, supra,* 106.

In the instant case, there is very little ground for declaring the warranty deed to be an equitable mortgage. First, the parties did not stand in a confidential relationship of trust or guidance. The two men were brothers, not parent and child or guardian and ward. While the relationship of brothers is generally close, it does not imply a relationship of confidence. Hubert was not looking to Lawrence for guidance in Hubert's property dealings. Indeed, Hubert testified that it was he who wanted to help Lawrence preserve his $9,000. The doctrine of equitable mortgage, however, is designed to protect the ward from his guardian, not the guardian from his ward. Thus, the doctrine

should not have been invoked to return the property from Lawrence to Hubert on the ground of an abuse of confidence.

The second ground for invoking an equitable mortgage involves an abuse of "power of coercion" which occurs when an oppressed debtor is forced to execute a deed absolute on its face, in return for a fraction of the property's value, without obtaining written assurance of the opportunity to redeem. In the instant case, however, Hubert did not execute the warranty deed to Lawrence under the power of coercion. Hubert testified that he was not in any financial straits, was not being hounded by creditors, nor was the farm being foreclosed upon. In addition, the purchase price for the land was not inadequate. Lawrence paid Hubert $9,000. Hubert's own expert witness testified that the value of the property at the time of the transaction was between $10,600 and $13,000. Thus, Lawrence at least paid between 70% and 85% of the land's fair market value at the time of the transaction. One factor which was not considered by the plaintiffs' expert witness, however, was that Hubert told Lawrence many times that "I needed that property just as well as I need another hole in my head". The evidence, therefore, does not reveal a situation of a creditor oppressing a debtor and paying an inadequate purchase price for property.

Neither ground for the proper invocation of the doctrine of equitable mortgage exists in the instant case. The circuit court erred, therefore, in failing to recognize that the statute of frauds barred relief to plaintiffs even if they established the existence of an oral mortgage agreement. Judgment should have been granted to defendants.

Reversed.