**UNDERGROUND FLINT, INC., a/k/a Capitol Theater, a/k/a Capitol Music a/k/a Sights and Sound, Inc., a/k/a Sights & Sounds Magazine, a/k/a Last Minute Productions, Inc., Plaintiff–Appellee Debtor,**

v.

**VIRO, INC., Defendant–Appellant.**

No. 81–40230.

United States District Court,
E.D. Michigan, S.D.

June 30, 1982.

---

88

Michael Mason, Flint, Mich., for plaintiff-appellee debtor.

Frank L. Talkow, Flint, Mich., for defendant-appellant.

### MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

## I  FACTS

This is a dispute over priority rights to a liquor license between appellant and appellee trustee. The essential facts of this case are straightforward as outlined now.

In February of 1978, appellant and appellee entered into a contract for the transfer of a business known as the Sports Bar. The business was to be transferred from appellant to appellee contingent upon approval of the liquor license transfer by the Michigan Liquor Control Commission. The approval was eventually obtained.

In paragraph 3f of the contract, a clause provided that in the event of default by the purchasers (appellees), the liquor license was to be reassigned to appellant. Appellees did eventually default and subsequently filed a Bankruptcy petition. Appellant, claiming a security interest in the liquor license, asserted a claimed priority interest in the license. The Bankruptcy Court, however, denied appellant's claim, and ruled that the trustee was entitled to the liquor license. Appellant thereupon filed this appeal.

The basic issue is whether the trustee was correctly found to have priority with respect to the license. It is important to note here that appellant never filed a financing statement with respect to the liquor license, and thus never perfected its security interest in the license. This fact must be kept in mind for the legal analysis which follows.

## II  LEGAL ANALYSIS

As a threshold issue, appellant contends that the liquor license *per se* should be beyond the reach of the Bankruptcy Trustee; this Court must disagree. The Court finds nothing either in the Bankruptcy Code or the Uniform Commercial Code which dictates this result. While it is true that the appropriate state agency must approve the transfer of a liquor license, this does not preclude the trustee from selling the license to a third party contingent upon the approval of the agency. Thus, this Court finds that there was no reason why the trustee could not assume control over the liquor licence.

The Court next proceeds to determine if there is a classification among the various types of personal property enumerated by the Uniform Commercial Code into which a liquor license may fit. The Court notes that under M.C.L.A. § 440.9106 "general intangibles" are defined as "any personal property (including things in action) other than goods, accounts, contract rights, chattel paper, documents and instruments." The Court notes the definitions of goods, accounts, contract rights, chattel paper, documents and instruments as found in M.C.L.A. § 440.9105 and § 440.9106 and

finds that the liquor license is not within any of the said definitions. Clearly, the liquor license is personal property in the sense that it has value even though it is not tangible. Therefore, by process of elimination, the Court finds that the liquor license is a "general intangible." In this respect, the Court notes *Paramount Finance v. United States*, 379 F.2d 543 (C.A. 6, 1967) where the Sixth Circuit held that a liquor license could be the subject of a security interest as it was indeed property. Thus, the Court finds that the "general intangible" classification is within the boundaries set out by the Sixth Circuit in *Paramount Finance Co.*

 Finally, the Court notes the method of U.C.C. Article 9 perfection with respect to general intangibles. Under M.C.L.A. § 440.9302(1), a financing statement must be filed to perfect all security interests except those specified in M.C.L.A. § 440.9302(1)(a–f). The Court notes that general intangibles do not fall within any of the enumerated exceptions. Hence, appellant, who concededly did not file a financing statement, did not perfect its security interest in the liquor license.

With those basic principles in mind, the Court will now analyze the rather classic problem before it. Under section 544(a) of the Bankruptcy Act, the trustee acquires the status of a state judicial lien creditor with a lien on all personal property of the debtor. *See* 11 U.S.C.A. § 544(a). White & Summers, *Handbook of Uniform Commercial Code*, p 997.

Therefore, the provision establishing the relative power of the trustee's lien is M.C.L.A. § 440.9301(1)(b). In pertinent part, this section provides that "an unperfected security interest is subordinate to the rights of … a person who becomes a lien creditor before the security interest is perfected." Applying this to the instant case, the trustee prevails over the appellant since the appellant was but an unperfected secured creditor at the time the trustee became a lien creditor.

In applying the above rule, the Court notes that in no respect is the trustee accorded extraordinary power. Appellant could have eluded the trustee's priority simply by filing a financing statement, but since appellant did not do so, it now must face the consequences. In accordance with the above, this Court hereby affirms the ruling of the Bankruptcy Court.

IT IS SO ORDERED.