WELLFORD, Circuit Judge.
On December 20, 1984, plaintiff, Hidden Hollow Golf Course, Inc. (“HHGC”), filed an amended complaint seeking a determination that its interest in the proceeds of sale of a state liquor license is superior to the competing claims of James Burke, Trustee in Bankruptcy (“Trustee”); the United States Small Business Administration (“SBA”); and Tittabawassee Investment Company (“TIC”). On September 18, 1985, the bankruptcy court determined that the rights of the Trustee and the SBA in the liquor license proceeds were superior to those of HHGC. On appeal, the district court issued an order affirming that decision. This appeal followed.
The facts are uncontested. The bankruptcy judge summarized them as follows:
On January 8, 1973, Tittabawassee Investment Company, a Michigan co-partnership, (“the Debtor”) signed a note in favor of Hidden Hollow Golf Course, Inc. (“Hidden Hollow”) in the amount of $48,- *105 750.00. Contemporaneously therewith, it signed a security agreement encumbering certain tangible personal property, and an “agreement to reassign license”, dealing with a Class C resort license and an SDM license issued by the Michigan Liquor Control Commission (“MLCC”).[1] At no time was a financing statement filed with respect to this reassignment agreement.
On March 3, 1977, the Debtor borrowed $20,000 from the United States Small Business Administration (“SBA”), and gave SBA a security agreement in essentially all of its assets, including the liquor licenses. SBA timely filed its financing statement adequately describing all of these assets, including the liquor licenses, with the office of the Michigan Secretary of State. On February 5, 1980, the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee conducted and the Court approved the sale of the liquor licenses on February 15, 1984, for the price of $47,000. The proceeds of that sale are being held by the trustee. There are competing claims to the proceeds by Hidden Hollow, SBA, and presumably, the Trustee. Frederick A. Fould, one of the principal officers of the debtor, although not a real party in interest in this matter, vigorously opposes the SBA’s claim to the proceeds.
At the time of the transaction between TIC and HHGC, as well as at the time of the transaction between TIC and SBA, the MLCC had an unwritten policy that purported to restrict the taking of a security interest in liquor licenses, the issuance and transfer of which were subject to its control. Subsequent to these transactions, this unwritten policy became formalized by a rule or regulation of the MLCC, which became effective on March 15, 1978. This rule commonly referred to as Rule 19, section R436.1119(e) of the Michigan Administrative Code, provides:
A security agreement between a buyer and a seller of a licensed retail business, or between a debtor and a secured party, shall not include the license or alcoholic liquor.
The bankruptcy court found that Rule 19 is not sufficient to repeal or modify the Uniform Commercial Code as adopted in Michigan. See Underground Flint, Inc. v. Viro, Inc., No. 81-40230 (E.D.Mich.1985). The bankruptcy judge also determined that liquor licenses are a property interest and that since HHGC did not perfect its security interest by filing a financing statement covering this property interest, its rights were inferior to those of a holder of a subsequently perfected security interest (SBA) and of the bankruptcy trustee. Because the SBA had followed UCC procedure and filed its security statement, its rights were found to be superior to the trustee. The court ordered the trustee to turn over the proceeds, less expenses, to the SBA accordingly.
Plaintiff argues that it complied with the requirements of the MLCC to perfect its reversionary rights in the license and that had it attempted to obtain a security interest in the license, then it would have been denied a transfer of the license and possibly suffered a loss of its rights to the license. HHGC therefore asserts that the disparity between Rule 19 and the UCC has caused an unreasonable conflict for buyers and sellers of liquor licenses in Michigan. Plaintiff argues that we should be guided by In re Gullifor, 47 B.R. 450 (E.D.Mich. 1985), and find that it retains an equitable lien in the proceeds of the liquor license, because persons familiar with liquor licenses would be on notice that such a lien might exist. See Koppers Co., Inc, v. Garling and Langlois, 594 F.2d 1094 (6th Cir. 1979); In re Madison County Economic Opportunity Commission, 53 B.R. 541 (S.D.Ill.1985); Schultz v. Schultz, 117 Mich.App. 454, 324 N.W.2d 48 (1982).
In United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), the Supreme Court held that “SBA transactions in each State are specifically and in great detail adapted to state law.” The Court indicated that federal law would gen *106 erally apply only in cases concerning a program or action requiring nationwide uniformity. 382 U.S. at 354, 357-58, 86 S.Ct. at 509-10. In this case we find that state law does control. We note that under Michigan law a liquor license is treated as a property interest. See Bundo v. Walled Lake, 395 Mich. 679, 238 N.W.2d 154 (1976).
The unwritten policy in question, furthermore, did not prohibit a security interest in a liquor license, as Rule 19 later did, but rather reflected that the MLCC “does not recognize” such financing agreements and “is not bound by any [such] agreement.” While we recognize that HHGC may have faced some difficulty with the MLCC in seeking to protect its interest, the Michigan courts we believe would have recognized its UCC right to file a financing statement. In any event, we find the reasoning of Underground Flint, Inc. v. Viro, Inc., 80 B.R. 87 (E.D.Mich.1982), and Andriacchi’s, Inc. v. Pike, 62 B.R. 765 (W.D.Mich.1986), to be persuasive authority in this case.
In Underground Flint, the court determined that the Michigan liquor license was property that could be the subject of a security interest. The court found that to perfect this interest, a financing statement must be filed under Michigan law. Thus, the trustee, a judicial lien creditor, was held to have a superior interest to an unperfected secured creditor at the time the trustee became a lien creditor. The unperfected secured creditor’s reassignment right in the liquor license did not change this result.
Likewise, in Andriacchi’s, Inc. the court found that Rule 19 was “undertaken without proper legislative authority.” The court held that “to the extent that Rule 19 suspends the law in Michigan on perfection of security interests it must be held invalid.” The court therefore decided that “in a bankruptcy proceeding Rule 19 cannot, and will not, affect the priorities in a security interest in a liquor license. Rather, the bankruptcy court will adhere to the priority rules as set forth in the U.C.C.”
For the reasons set forth in the bankruptcy judge’s opinion and for the reasons we have herein discussed, we AFFIRM the judgment of the district court.

. The MLCC regulates the sales of alcoholic beverages in Michigan.