CHRISTY v KELLY

Docket No. 143560. Submitted October 6, 1992, at Lansing. Decided November 4, 1992; approved for publication February 3, 1993, at 9:05 A.M.

Cynthia A. Hart brought an action in the Ingham Circuit Court against Bernard N. Christy, seeking recoupment of losses from a trust that allegedly resulted from the negligence of the defendant while acting as trustee. The defendant sought indemnity from Gregory M. Kelly and others. The court, Peter D. Houk, J., denied the third-party defendants' motion to compel arbitration of the third-party claim pursuant to an arbitration agreement signed by Christy. The third-party defendants appealed by leave granted.

The Court of Appeals *held:*

The failure of the defendant to read the arbitration agreement before signing it does not preclude the enforcement of the agreement in view of the fact that it complies with the arbitration act and there was no allegation of fraud or deception in the procuring of the agreement. Judicial economy is not grounds to refuse to enforce an otherwise valid arbitration agreement.

Reversed and remanded.

*Kenneth B. Williams,* for the third-party plaintiff.

*Hertz, Schram & Saretsky* (by *Gary M. Saretsky*), for the third-party defendants.

Before: Hood, P.J., and Wahls and McDonald, JJ.

Per Curiam. Third-party defendants appeal by leave granted from the denial of their motion to compel arbitration of the third-party complaint. We reverse and remand.

In April 1986, plaintiff granted her longtime family friend, Bernard Christy, a durable power of attorney. In June 1988, she executed a revocable trust naming him as trustee. In October 1988, Christy, as trustee, opened an investment account with the third-party defendants. When he opened the account, he signed an agreement in which he promised to submit to arbitration "[a]ny controversy arising out of" the account.

In 1990, because of significant losses in the account, plaintiff dismissed Christy as trustee, closed the account, and transferred her remaining assets to a different account.[1] She then sued Christy seeking to recoup her losses. Christy cross-claimed against the third-party defendants, seeking indemnification.[2]

Christy argues, with no relevant supporting authority, that he should not be bound by the arbitration agreement, because he failed to read it and because he was old and in poor health. The trial court apparently agreed, denying the motion to enforce the arbitration agreement on the grounds that Christy's claim against the third-party defendants had not yet matured and that judicial economy would not be served by arbitrating such a contingent claim. We disagree with both Christy and the trial court.

It is undisputed that Christy voluntarily signed an agreement in which he promised to submit all disputes arising out of the account to arbitration. His alleged failure to read it or understand it is no defense:

---

[1] Plaintiff signed an arbitration agreement covering her second account. She eventually filed a separate lawsuit, which apparently is awaiting arbitration, claiming that the third-party defendants mismanaged her second account. *Hart v Prudential-Bache Securities, Inc,* Case No. 91-68136-CK (Ingham Circuit Court).

[2] Christy died during the pendency of this case. No substitution of parties has yet been effected.

The stability of written instruments demands that a person who executes one shall know its contents or be chargeable with such knowledge. If he cannot read, he should have a reliable person read it to him. His failure to do so is negligence which estops him from voiding the instrument on the ground that he was ignorant of its contents, in the absence of circumstances fairly excusing his failure to inform himself. [*Sponseller v Kimball*, 246 Mich 255, 260; 224 NW 359 (1929).]

See also *Aluia v Harrison Community Hosp (On Remand)*, 139 Mich App 742, 749; 362 NW2d 783 (1984).

Further, Christy does not allege fraud or deception in the procuring of the agreement. See *Feinberg v Straith Clinic*, 151 Mich App 204, 211; 390 NW2d 697 (1986). Where, as here, an arbitration agreement indisputably complies with the requirements of the arbitration act, MCL 600.5001(2); MSA 27A.5001(2), failure to read it under the circumstances of this case is not grounds for refusing to enforce it. That arbitration would not promote judicial economy is likewise not grounds to refuse to enforce an otherwise valid arbitration agreement. See *Kauffman v Chicago Corp*, 187 Mich App 284, 290; 466 NW2d 726 (1991).

Reversed and remanded with instructions to enforce the arbitration agreement. Jurisdiction is not retained.